## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

KEON TERRELL ALLEN,              )
                                 )
          Plaintiff,             )
                                 )
v.                               )          Case No. 1:21-cv-26-SNLJ
                                 )
SHERIFF MARK DOBBS, et al.,      )
                                 )
          Defendants.            )

### MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Keon Terrell Allen's self-represented complaint. For the reasons discussed below, the Court will order plaintiff to file an amended complaint. Plaintiff will also be directed to file a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint. Plaintiff will have thirty (30) days to comply with this Memorandum and Order.

### The Complaint

On February 12, 2021, self-represented plaintiff Keon Terrell Allen filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff lists six defendants in the caption section of the form complaint: (1) Sheriff Dobbs (Butler County Sheriff) (2) Butler County Justice System; (3) J. Stewart (Police Officer); (4) J. Woodruff (Police Officer); (5) Kacey Proctor (Prosecuting Attorney); and (6) M. Michel (Assistant Prosecuting Attorney). Plaintiff indicates he is bringing his claims against Mark Dobbs in both his official and individual capacities but does not specify the capacity in which he sues the remaining defendants.[1]

---

[1] When a plaintiff's claim does not specify whether the defendant is being sued in his individual or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

In a handwritten attachment to the complaint, plaintiff appears to also bring this action against Chief Danny Wiley of the Poplar Bluff Police Department. ECF No. 1-3. In a second handwritten attachment to the complaint, plaintiff lists an additional fifteen individuals, including "COs at Butler County / Supervisors" as well as a "maintenance man." It is unclear whether plaintiff intends to include these individuals as defendants in this action. ECF No. 1-4.

In the statement of the claim section of the form complaint, plaintiff alleges he was subjected to false imprisonment at Butler County Justice Center on the following dates: "August 26-Feb. 25, 2019 / August 3, 2019 – Oct. 20, 2020." ECF No. 1 at 3. Plaintiff alleges he was held "for [a] false charg[e] in these jail conditions." In the injury section of the form complaint, plaintiff writes: "my hair got pulled out in 2019 feb. and spit in my face. No medical treatment because I was strap[p]ed to a chair, but I informed ACLU and the CO supervisor Walter took pictures but I yet to have heard anything about that." *Id.* at 4.

Also included with the complaint are two sheets of notebook paper in which plaintiff lists dates and various conditions he was allegedly subjected to at Butler County Justice Center. The attachment is difficult to read as plaintiff does not use complete sentences and the paragraphs are not numbered. Plaintiff appears to allege he was denied access to the law library, a window, and hot water for showers. Plaintiff complains that on specific dates his cell was not equipped with an emergency button, a light, or running water. Plaintiff further appears to allege he was subjected to the presence of mold in the shower and in the heating and cooling vents. Plaintiff does not provide any information about his false imprisonment claim.

In addition to the complaint, plaintiff also filed a motion for leave to commence this civil action without payment of the required filing fee. ECF No. 2. Plaintiff has failed, however, to file

2

a certified copy of his prison account statement, or the institutional equivalent, for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(b).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

3

1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint.

First, it is not entirely clear who plaintiff intends to sue in this action. In the caption section of the Court-provided form complaint, plaintiff lists six defendants; however, in two handwritten attachments plaintiff lists over a dozen additional individuals but does not explain their relationship to the lawsuit. Plaintiff's statement of the claim provides no clarity as to whether plaintiff intends to also sue the individuals listed in the attachments because he does not include allegations against any specific defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them)

Second, plaintiff's complaint is subject to dismissal because it appears to advance multiple claims against multiple defendants concerning unrelated events that occurred over a one-year period. These allegations brought under the same complaint are impermissible. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

4

occurrences; and (B) any question of law or fact common to all defendants will
arise in the action.

Fed. R. Civ. P. 20(a)(2). As such, a plaintiff cannot join, in a single lawsuit, multiple claims against

different defendants related to events arising out of different transactions or occurrences. In other

words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against

Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For example, in the instant

complaint, plaintiff's claim for false imprisonment against two police officers is unrelated to his

claim against the Butler County Justice Center for unsanitary conditions, both of which are

unrelated to his claim for a lack of medical treatment after an unidentified individual pulled out

his hair. These claims bear little or no relationship to each other. Unrelated claims against different

defendants belong in different suits, in part to ensure that prisoners pay the required filing fees.

Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:

A party asserting a claim to relief as an original claim, counterclaim, cross claim,
or third party claim, may join, either as independent or as alternate claims, as many
claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a). Therefore, multiple claims against a single defendant are valid. That is,

plaintiff may name one defendant and bring as many claims against that defendant as he desires.

Third, plaintiff's complaint is subject to dismissal because he has failed to state a claim

against any of the named defendants. In presenting his claims, plaintiff only provides conclusory

statements without any factual support. For example, plaintiff states he was denied medical

treatment and was falsely imprisoned but provides no additional facts as to these allegations. The

Court is not required to accept such conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th

Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual

5

allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff's allegations are nothing more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient. *Iqbal*, 556 U.S. at 678.

Fourth, to the extent plaintiff intends to bring official capacity claims against the defendants, the complaint is subject to dismissal. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Plaintiff has failed to present any facts to support liability against any of the named defendants, including their employer, Butler County.

Fifth, to the extent plaintiff intends to bring individual capacity claims against the defendants, the complaint is subject to dismissal because it fails to allege how any of the defendants were directly involved in or personally responsible for specific violations of his constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers*

6

*v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In order to state an actionable civil rights claim against each defendant, plaintiff must set forth *specific* factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). As stated above, plaintiff has failed to plead specific facts establishing an actual link or connection between the named defendants and the alleged constitutional violations.

Lastly, the Court notes that to the extent plaintiff can be understood to claim that any of the misconduct alleged against the defendants caused him to be wrongfully convicted and falsely imprisoned, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentences unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Id.* at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Here, plaintiff has not shown that his convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus.

7

Because plaintiff is self-represented, the Court will permit him to file an amended complaint to attempt to cure his pleading deficiencies. Plaintiff will also be directed to submit a certified copy of his prison account statement, or institutional equivalent, for the six-month period immediately preceding the filing of his complaint or pay the full $400 filing fee in this action.

### Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his

8

claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is

9

"convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint within thirty days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this **26th** day of February, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE