UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEON TERRELL ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:21-cv-26-SNLJ |
| SHERIFF MARK DOBBS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff Keon Terrell Allen, a pretrial detainee at Butler County Justice Center ("BCJC"), for leave to commence this civil action without prepayment of the required filing fee. ECF No 2. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $67.90. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order Plaintiff to file an amended complaint. Plaintiff will have thirty (30) days to comply with this Memorandum and Order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, Plaintiff submitted a copy of his inmate account statement. ECF No. 11. A review of Plaintiff's account indicates an average monthly deposit of $339.50 and an average monthly balance of $13.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $67.90, which is 20 percent of Plaintiff's average monthly deposit.

## Background

On February 12, 2021, self-represented Plaintiff Keon Terrell Allen filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also filed a motion for appointment of counsel. ECF No. 3. In the caption section of the form complaint, Plaintiff listed six defendants: (1) Sheriff Dobbs (Butler County Sheriff) (2) Butler County Justice System; (3) J. Stewart (Police Officer); (4) J. Woodruff (Police Officer); (5) Kacey Proctor (Prosecuting Attorney); and (6) M. Michel (Assistant Prosecuting Attorney). Plaintiff indicated he was bringing his claim against Dobbs in his official and individual capacities but did not specify the capacity in which he intended to sue the remaining Defendants.

In a handwritten attachment to the complaint, Plaintiff also appeared to bring this action against Chief Danny Wiley of the Poplar Bluff Police Department. ECF No. 1-3. In a second handwritten attachment to the complaint, Plaintiff listed an additional fifteen individuals, including "COs at Butler County / Supervisors" as well as a "maintenance man." ECF No. 1-4. The second

attachment was not clear as to whether Plaintiff intended to include those individuals as defendants.

In the statement of the claim section of the form complaint, Plaintiff alleged he was subjected to false imprisonment at Butler County Justice Center on "August 26-Feb. 25, 2019 / August 3, 2019 – Oct. 20, 2020." ECF No. 1 at 3. In the injury section of the form complaint, Plaintiff wrote: "my hair got pulled out in 2019 feb. and spit in my face. No medical treatment because I was strap[p]ed to a chair, but I informed ACLU and the CO supervisor Walter took pictures but I yet to have heard anything about that." *Id.* at 4.

Also included with the complaint were two sheets of notebook paper in which Plaintiff appeared to allege he was denied access to a law library, a window, hot water for showers, and was subjected to mold. Plaintiff further complained that on specific dates his cell was not equipped with an emergency button, a light, or running water. ECF No. 1-5.

On February 26, 2021, the Court reviewed Plaintiff's complaint and attachments pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 4. The Court determined this action was subject to dismissal for six reasons. First, it was not clear who Plaintiff intended to sue. Plaintiff named six Defendants in the caption, but also submitted handwritten attachments listing over a dozen additional individuals without explaining their relationship to the lawsuit. Second, Plaintiff appeared to advance multiple claims against multiple Defendants concerning unrelated events in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. For example, Plaintiff's false imprisonment claim against two police officers was unrelated to his claim against the BCJC for the alleged conditions of the facility, both of which were unrelated to his claim for lack of medical treatment after an unidentified individual pulled out his hair. Third, Plaintiff failed to state a claim against

3

any of the named defendants as his allegations consisted only of conclusory statements. Fourth, as to his official capacity claim, Plaintiff failed to present any facts to support liability against Defendants' employer, Butler County. Fifth, as to his individual capacity claims, Plaintiff failed to allege how any the Defendants were directly involved in or personally responsible for specific violations of his constitutional rights. Lastly, the Court noted that to the extent Plaintiff could be understood to allege that the Defendants' misconduct caused him to be wrongfully convicted and falsely imprisoned, such claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because he did not show that his convictions or sentences were reversed, expunged, or called into question by issuance of a writ of habeas corpus.

The Court denied Plaintiff's motion for appointment of counsel, but in consideration of his self-represented status, the Court directed him to file an amended complaint on a Court form which was provided to him. Plaintiff was given instructions on how to amend. The Court warned Plaintiff that if he failed to timely comply with the Court's Order, this action would be dismissed without prejudice and without further notice. Plaintiff had until March 29, 2021 to comply.

**Supplemental Filings**

As of the date of this Order, Plaintiff has neither filed an amended complaint on a Court-provided form, nor has he requested additional time to do. Instead, Plaintiff has filed three supplemental documents and one letter which are not in compliance with the Court's instructions and do not address the reasons Plaintiff's original complaint was subject to dismissal.

On February 26, 2021, Plaintiff sent a letter to the Court requesting that his prayer for relief be amended to seek monetary damages in the amount of $6 million dollars, plus attorney's fees. ECF No. 5. On March 4, 2021, Plaintiff filed a one-page handwritten document, titled

"V[i]ndictive Behavior from 1983." ECF No. 7. Within the filing, Plaintiff alleges an unnamed correctional officer "tore up [his] cell" because they were performing random searches. Plaintiff appears to allege the search was in retaliation for the instant lawsuit and he "would like to add this to [his] complaint." Plaintiff also writes about conversations he had with "Shift Supervisor Walter" and "Ms. Brinkley," who do not appear to be Defendants in this action, regarding his cell light not working and a lack of legal materials. On March 22, 2021, Plaintiff submitted a one-page letter to the Court which appears to complain about the length of time it is taking the "Butler County Courthouse" to address his state habeas corpus case. ECF No. 9.

On March 25, 2021, Plaintiff filed a seven-page handwritten document. ECF No. 10. On the first page, Plaintiff appears to list seventeen Defendants, the majority of which are identified by first name only and categorized as either "supervisors, "COs," or "Maintenance Man." Plaintiff then states that from August 26, 2018 to February 25, 2019, he endured the following jail conditions:

> no access to law lib[]rary
> no seight [sic] of outside during this time
> no windows
> no outside wreck [sic]
> numerous time without hot water for showers
> no light to shave
> no emergency button inside my cell
> 3 men to a 2 min cell
> no light in cell
> no water inside my cell Bpod 103 had to wash my hands in the toilet for 6 months
> picture [sic] of water brought to me cause no water inside cell
> mold in air vents and shower
> mold in shower without cleaning supplies to clean it

*Id.* at 1 at 2. He also alleges he endured similar conditions from August 3, 2019 to October 22, 2020.

Plaintiff then states he was falsely accused and wrongly imprisoned. He lists seven additional individuals whom he did not originally list on the first page. He claims these individuals had some involvement in the investigation or prosecution of the charges against him which gave rise to his incarceration. *Id.* at 3. Additionally, Plaintiff alleges that an unidentified individual pulled his hair out and spit in his face and he received no medical treatment. It is unclear whether Plaintiff intended for this document to serve as his amended complaint or if it was meant to be a supplement to his original complaint.

## Discussion

On February 26, 2021, the Court directed Plaintiff to file an amended complaint on a Court form. ECF No. 4. Plaintiff was provided with *two* blank Prisoner Civil Rights Complaint forms. The Court explained to Plaintiff, in detail, why his original complaint was subject to dismissal. He was then issued clear instructions on how to amend his complaint. He was explicitly instructed not to amend via supplemental filings.

Plaintiff has not complied with the Court's Order. Plaintiff submitted three supplements and one letter. The March 25, 2021 supplement appears to be Plaintiff's attempt to file an amended complaint, but it does not conform to any of the Court's instructions. Specifically, the filing is not drafted on a Court-provided form; the Defendants are not listed in a manner that makes their identities clear and he does not state in what capacity they are being sued;[1] it advances claims concerning unrelated events in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure;

---

[1] When a plaintiff's claim does not specify whether the defendant is being sued in his individual or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

6

the claims are conclusory and unsupported by facts; there is no clarity as to how any of the Defendants are directly involved in or personally responsible for specific violations of his constitutional rights; and his false imprisonment claims appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). All of these deficiencies were present in his original complaint and have not been remedied by his non-compliant supplemental filings. However, in consideration of Plaintiff's self-represented status, the Court will provide him with a second and final opportunity to submit his complaint in compliance with this Order and the Court's September 26, 2021 Order.

## Instructions on Amending the Complaint

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each Defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a Defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each Defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, Plaintiff should begin by writing the Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that Defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single Defendant, he may set forth as many claims as he has against that Defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each Defendant was personally involved in or directly responsible for harming him. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the Defendant, so that the Defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Plaintiff's amended complaint *must* be in compliance with this Order and the Court's Order of September 26, 2021. If Plaintiff fails to timely comply, the Court will dismiss this action without prejudice and without further notice.

## Second Motion to Appoint Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On February 26, 2021, the Court denied Plaintiff's first motion for appointment of counsel and directed him to file an amended complaint. ECF No. 4. As discussed above, Plaintiff has not yet filed a filed a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues. Thus, the Court will deny plaintiff's second motion for

appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $67.90 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Memorandum and Order, Plaintiff shall submit an amended complaint in accordance with the instructions set forth herein and those set forth in the Court's February 26, 2021 Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for appointment of counsel [ECF No. 6] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 7th day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE