# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

KEON TERRELL ALLEN,           )
                              )
       Plaintiff,          )
                              )
v.                            )   Case No. 1:21-cv-26-SNLJ
                              )
SHERIFF MARK DOBBS, et al.,   )
                              )
       Defendants.         )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On April 7, 2021, the Court ordered self-represented Plaintiff Keon Terrell Allen, a pretrial detainee at Butler County Justice Center ("BCJC"), to file an amended complaint on a Court-provided form within thirty (30) days. ECF No 12. Plaintiff has not complied as directed, and the time for doing so has passed. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff initiated this case on February 12, 2021 by filing a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption section of the form complaint, Plaintiff listed six defendants: (1) Sheriff Dobbs (Butler County Sheriff) (2) Butler County Justice System; (3) J. Stewart (Police Officer); (4) J. Woodruff (Police Officer); (5) Kacey Proctor (Prosecuting Attorney); and (6) M. Michel (Assistant Prosecuting Attorney). Plaintiff indicated he was bringing his claim against Dobbs in his official and individual capacities but did not specify the capacity in which he intended to sue the remaining Defendants.

In a handwritten attachment to the complaint, Plaintiff also appeared to bring this action against Chief Danny Wiley of the Poplar Bluff Police Department. ECF No. 1-3. In a second handwritten attachment to the complaint, Plaintiff listed an additional fifteen individuals, including "COs at Butler County / Supervisors" and a "maintenance man." ECF No. 1-4. The second attachment was not clear as to whether Plaintiff intended to include those individuals as defendants.

In the statement of the claim section of the form complaint, Plaintiff alleged he was subjected to false imprisonment at BCJC on "August 26-Feb. 25, 2019 / August 3, 2019 – Oct. 20, 2020." ECF No. 1 at 3. In the injury section of the form complaint, Plaintiff wrote: "my hair got pulled out in 2019 feb. and spit in my face. No medical treatment because I was strap[p]ed to a chair, but I informed ACLU and the CO supervisor Walter took pictures but I yet to have heard anything about that." *Id.* at 4.

Also included with the complaint were two sheets of notebook paper in which Plaintiff appeared to allege he was denied access to a law library, a window, hot water for showers, and was subjected to mold. Plaintiff further complained that on specific dates his cell was not equipped with an emergency call button, a light, or running water. ECF No. 1-5.

On February 26, 2021, the Court reviewed Plaintiff's complaint and attachments pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 4. The Court determined this action was subject to dismissal for six reasons. First, it was not clear who Plaintiff intended to sue. Plaintiff named six Defendants in the caption, but also submitted handwritten attachments listing over a dozen additional individuals without explaining their relationship to the lawsuit. Second, Plaintiff appeared to advance multiple claims against multiple Defendants concerning unrelated events in violation of

2

Rule 20(a)(2) of the Federal Rules of Civil Procedure. For example, Plaintiff's false imprisonment claim against two police officers was unrelated to his claim against the BCJC, both of which were unrelated to his allegation of denied medical treatment after an unidentified individual pulled out his hair. Third, Plaintiff failed to state a claim against any of the named Defendants as his allegations consisted of conclusory statements. Fourth, as to his official capacity claim, Plaintiff failed to present any facts to support liability against Defendants' employer, Butler County. Fifth, as to his individual capacity claims, Plaintiff failed to allege how any of the Defendants were directly involved in or personally responsible for specific violations of his constitutional rights. Lastly, the Court noted that to the extent Plaintiff could be understood to allege the Defendants' misconduct caused him to be wrongfully convicted and falsely imprisoned, such claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because he did not show his convictions or sentences were reversed, expunged, or called into question by issuance of a writ of habeas corpus.

In consideration of Plaintiff's self-represented status, the Court directed him to file an amended complaint on a Court form which was provided to him. The Court explained to Plaintiff, as summarized above, why his complaint was subject to dismissal. He was then issued clear instructions on how to amend and was explicitly instructed not to amend via supplemental filings. The Court warned Plaintiff that if he failed to timely comply with the Court's Order, this action would be dismissed without prejudice and without further notice. Plaintiff had until March 29, 2021 to file an amended complaint.

In direct non-compliance with the Court's February 26, 2021 Order and instructions within, Plaintiff subsequently filed three supplemental documents and a letter. ECF Nos. 5, 7, 9, 10.

Plaintiff did not file an amended complaint on a Court-provided form, and none of the supplements addressed or cured his pleading deficiencies.

On April 7, 2021, the Court reviewed the three handwritten supplements and letter. ECF No. 12. The letter requested the Court to amend his prayer for relief to seek monetary damages in the amount of $6 million dollars, plus attorney's fees. ECF No. 5. The first supplement, titled "V[i]ndictive Behavior from 1983," appeared to be an attempt by Plaintiff to add a retaliation claim against an unnamed correctional officer to the instant lawsuit. ECF No. 7. The second supplement complained about the length of time it was taking the Butler County Courthouse to address his state habeas corpus case. ECF No. 9. The third supplement listed seventeen individuals and various jail conditions he was allegedly subjected to. Plaintiff then stated he was falsely accused and wrongly imprisoned and listed seven additional individuals. It was unclear from the supplement whether he intended for the listed individuals to be defendants in this action.

Instead of dismissing this action for failure to comply with the February 26, 2021 Order, Plaintiff was provided with a second opportunity to file an amended complaint on a Court form. ECF No. 12. The Court explained to Plaintiff, in detail, why his supplemental filings did not conform to the Court's instructions or cure his pleading deficiencies. Plaintiff was again given clear instructions on how to amend his complaint, was provided with two blank Prisoner Civil Rights Complaint forms, and was explicitly instructed not to amend via supplemental filings. Plaintiff had until May 7, 2021 to comply.

### Discussion

To date, Plaintiff has not filed an amended complaint on a Court-provided form and has not requested additional time to comply. Instead, on May 13, 2021, Plaintiff filed a handwritten

4

supplemental document on five pages of notebook paper. ECF No. 13. The supplement does not contain a caption and appears to be an attempt to add additional claims and defendants to his original complaint, which the Court found to be defective.

Within the supplement, Plaintiff begins by describing a conversation he overheard between a correctional officer and a trainee, in which the trainee stated she was certified as a medical technician. Plaintiff appears to take issue with the trainee's certification because it is "unprofessional" and disregards doctor-patient confidentiality. Plaintiff then complains about not receiving a medication his family dropped off for him, and asserts he was denied medical attention although he admits to speaking to a nurse and being provided with Ibuprofen for a mouth condition. Plaintiff further claims he received food on dirty trays and improper servings for lunch and dinner, was served cold baloney, witnessed a correctional officer use excessive force, and was placed in a cell with another inmate exposing him to Covid-19. Plaintiff states he wants "to press charges" against a correctional officer identified as "Richard" because he was verbally threatened. He also complains that he "cut [his] ankle open," but did not receive a response to his medical form.

On February 26 and April 7, 2021, the Court ordered Plaintiff to file an amended complaint. In both Orders, Plaintiff was provided with clear, detailed instructions on how to amend and has been provided with a total of four blank complaint forms. The Court warned Plaintiff in each Order that if he failed to timely comply, this action would be dismissed without prejudice and without further notice. To date, Plaintiff has neither complied with the Court's Orders, nor sought additional time to do so. Despite instruction that he was not to amend via supplemental filings, the Court has reviewed each of Plaintiff's non-compliant supplemental filings and has determined they do not cure the pleading deficiencies in his original complaint. Significantly, because Plaintiff has

alleged a multitude of claims against dozens of different individuals in his complaint, attachments to his complaint, and supplemental filings, it is unclear who he actually intends to name as defendants in this action.

Therefore, this action will be dismissed without prejudice due to Plaintiff's failure to comply with this Court's February 26 and April 7, 2021 Orders and his failure to prosecute this case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 21st day of May, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE